UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN M., <br><br>             Plaintiff, <br> v. <br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>             Defendant. | Case No. 5:22-cv-00554-GJS <br><br> **MEMORANDUM OPINION AND ORDER** |

### I.   PROCEDURAL HISTORY

Plaintiff Carmen M.[1] filed a Complaint seeking review of the decision of the Commissioner of Social Security denying her application for a period of disability and Disability Insurance Benefits ("DIB").  The parties filed consents to proceed before a United States Magistrate Judge (ECF Nos. 12, 13) and briefs (ECF Nos. 18 ("Pl.'s Br.") and 21 ("Def.'s Br.")) addressing the disputed issues in the case.  The matter is now ready for decision.  For the reasons set forth below, the Court finds that this matter should be affirmed.

---

[1]  In the interest of privacy, this Order uses only the first name and last initial of the non-governmental party in this case.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB on August 1, 2019, alleging disability commencing on March 1, 2018. (ECF No. 17, Administrative Record ("AR") 21; *see also* AR 231.) Plaintiff's application was denied at the initial level of review and on reconsideration. (AR 21, 57-68, 70-86.) A telephonic hearing was held before Administrative Law Judge Daniel Balutis ("the ALJ") on June 2, 2021, with the assistance of an interpreter. (AR 21, 36-56.)

On June 15, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. (AR 21-30); *see* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (AR 23.) At step two, the ALJ determined that Plaintiff has the following severe impairments: cervical degenerative disc disease and asthma. (AR 23.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix 1 of the Regulations. (AR 24); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), as follows:

> [S]he could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but must never climb ladders, ropes or scaffolds. She could occasionally reach overhead to the left and right. She could tolerate frequent exposure to unprotected heights, moving mechanical parts, dust, oders, fumes and pulmonary irritants, extreme cold and vibration.

(AR 26.) At step four, the ALJ determined that Plaintiff is able to perform her past relevant work as a sorter of agricultural produce.[2] (AR 29.) Based on these

---

[2] Although the ALJ described the occupation as a sorter of agricultural "products" (AR 29), the Dictionary of Occupational Titles ("DOT") (4th ed. 1991) describes the occupation as a "Sorter, Agricultural Produce." DOT No. 529.687-186.

findings, the ALJ found Plaintiff not disabled through the date of the decision. (AR 30.)

The Appeals Council denied review of the ALJ's decision on January 28, 2022. (AR 1-7.) This action followed.

### III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence . . . is 'more than a mere scintilla' . . . [i]t means – and only means – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "the evidence is susceptible to more than one rational interpretation." *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

//

3

## IV. DISCUSSION

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability: (1) the ALJ failed to properly consider the opinion of the consultative examiner Ibrahim Yashruti, M.D.; and (2) the ALJ failed to properly follow the requirements of Social Security Ruling ("SSR") 00-4p. (Pl.'s Br. 1.) As discussed below, the Court disagrees with Plaintiff and finds that the decision of the ALJ should be affirmed.

### A. DR. YASHRUTI'S OVERHEAD LIFTING WEIGHT LIMITATION

#### 1. Legal Standard

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer "give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and the examining relationship[3]), specialization, and "other

---

[3] The regulations state that "[a] medical source may have a better understanding of [the claimant's] impairments if he or she examines [the claimant] than if the medical source only reviews evidence in [the claimant's] folder." 20 C.F.R. § 404.1520c(c)(3)(v).

factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Agency's] disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore, the ALJ is required to explain how both factors were considered.[4] *See* 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how factors such as the "[r]elationship with the claimant," "[s]pecialization," and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding," were considered. 20 C.F.R. § 404.1520c(b)(2). However, when the ALJ finds that two or more medical opinions are equally well-supported and consistent with the record but are not "exactly the same," he must articulate how he "considered the other most persuasive factors." 20 C.F.R. § 404.1520c(b)(3). Further, while these new regulations eliminate the hierarchy between treating, examining, and non-examining medical sources, the ALJ must still provide an explanation supported by

---

[4] Supportability and consistency are explained in the regulations as follows:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

substantial evidence for finding a medical opinion unpersuasive. *See, e.g.*, *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (noting that even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence).

### 2. The Parties' Contentions

Plaintiff notes that Dr. Yashruti conducted a complete orthopedic examination of Plaintiff on November 4, 2019. (Pl.'s Br. 2 (citing AR 489-94).)

The ALJ found Dr. Yashruti's opinion to be persuasive, and summarized it as follows:

> Dr. Yashruti opined [Plaintiff] could lift up [sic] waist level, up to 50 pounds occasionally and 25 pounds frequently, and above shoulder level, she could lift 10 pounds occasionally and less than 10 pounds frequently. Dr. Yashruti noted that she has no manipulative limitations, no postural limitations; [she] could sit with no limitations, stand and walk for six hours a day in an 8-hour workday. The undersigned finds Dr. Yashruti's opinion persuasive, as it is generally supported by and consistent with the medical evidence of record. [She] is diagnosed with asthma and has no record of exacerbations since May 2019, and no inpatient hospitalizations due to asthma complications. She is diagnosed with degenerative disc disease of the cervical spine and her physical exam findings show a decreased range of motion in neck and lower back, tenderness in her neck, 5/5 strength throughout except for bilateral biceps which were 4/5, and no sensory or reflex deficits noted. She manages her own personal care, cooks, cleans, drives, albeit all with limitations. As such, the undersigned finds [Plaintiff] could perform light work as outlined in RFC [sic] above.

(AR 29 (citations omitted).)

Plaintiff argues that the ALJ failed to provide "any legitimate rationale for partially rejecting Dr. Yashruti's medical opinion." (Pl.'s Br. 4.) Specifically, she argues that, in his RFC, the ALJ failed to "place any additional weight restrictions on Plaintiff's ability to lift and carry objects at or above her shoulder level," despite

6

Dr. Yashruti's determination that Plaintiff should limit her above-the-shoulder lifting to ten pounds occasionally and less than ten pounds frequently, and the fact that the ALJ found Dr. Yashruti's opinion to be "persuasive." (Pl.'s Br. 4 (citing AR 26, 494).)

Plaintiff contends that the ALJ "committed a clear and reversible legal error" by "failing to explain or justify his partial rejection of this probative medical opinion." (Pl.'s Br. 5.) She also submits that the error was not harmless because the "sorter of agricultural products" occupation is the sole job identified in the decision, the job is performed at the light exertional level, and the ALJ "did not obtain any testimony from the vocational expert regarding whether a worker who is limited to lifting no more than ten pounds of weight at or above shoulder level would still be able to perform this job in a competitive work setting." (Pl.'s Br. 5 (citing AR 29-30, 51-55).). Plaintiff concludes that if that limitation had been included in her RFC, "it is possible that this additional limitation would have eliminated the job of sorter of agricultural produce, resulting in a different outcome in this case." (Pl.'s Br. 5.)

Defendant acknowledges that "despite finding Dr. Yashruti's opinion to be persuasive," the ALJ's RFC determination that Plaintiff "could perform light work, but would be further limited to 'occasionally reach overhead to the left and right,'" "was somewhat inconsistent therewith." (Def.'s Br. 2.) She notes that "[t]he ALJ's RFC finding for light work would theoretically allow Plaintiff to lift up to 20 pounds occasionally, with no limitation to that lifting being performed below shoulder level." (Def.'s Br. 2.) Defendant contends, however, that this error was harmless because the step four job upon which the ALJ relied "would not involve lifting more than 10 pounds above the shoulder." (Def.'s Br. 2).

Specifically, Defendant notes that the requirements for the occupation of sorter of agricultural produce are described by the Dictionary of Occupational Titles

as follows:

> Segregates produce on conveyor belt or table, working as crewmember, according to grade, color, and size, and places produce in containers on designated conveyors. Discards cull (inferior or defective) items and foreign matter. Bunches, ties, and trims produce, such as asparagus, carrots, celery, and radishes. Picks out choice produce to be used as cappers (top layers) on marketing containers.

(Def.'s Br. 2 (citing DOT No. 529.687-186).) Defendant points out that this occupation is described as being performed "on conveyor belt or table," i.e., at waist level, and that "[n]owhere in the job description does it suggest that a worker would ever be required to lift more than 10 pounds *above shoulder level*." (Def.'s Br. 2-3.) Defendant concludes, therefore, that because Dr. Yashruti's ten pound above-the-shoulder lifting limitation -- even if included in the RFC determination -- would not preclude performance of this job, any error in the ALJ's consideration of this limitation was harmless as a matter of law because it did not alter the outcome of the decision. (Def.'s Br. 3.)

### 3. Analysis

The Court determines that even assuming the ALJ erred in failing to include an overhead lifting limitation in Plaintiff's RFC, that error was harmless. The Ninth Circuit case of *Gutierrez v. Colvin* is instructive. In that action, the court analyzed whether the ALJ erred by not asking the VE more specific questions regarding plaintiff's ability to perform the cashier occupation suggested by the VE given that plaintiff was determined to be unable to reach overhead with her right arm and the DOT describes the cashier occupation as requiring frequent reaching. *Gutierrez*, 844 F.3d 804, 807 (9th Cir. 2016). The Ninth Circuit noted that "[r]esolving this argument requires us to determine whether *overhead* reaching is such a common and obvious part of cashiering that the ALJ should have recognized a conflict and

questioned the expert more closely before concluding that [plaintiff] could work as a cashier." *Id.* It further explained that "[f]or a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict . . . the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Id.* at 808. The Ninth Circuit determined that the error in that case was harmless because "[w]hile 'reaching' connotes the ability to extend one's hands and arms 'in any direction,' not every job that involves reaching requires the ability to reach overhead." *Id.* It illustrated this proposition by stating that "anyone who's made a trip to the corner grocery store knows that while a clerk stocking shelves has to reach overhead frequently, the typical cashier never has to" and an ALJ's obligation to ask follow up questions of the VE when there is an apparent conflict with the DOT, "doesn't extend to unlikely situations or circumstances," e.g., "where the frequency or necessity of a task is unlikely and unforeseeable." *Id.*

In this case, Plaintiff argues that the ALJ erred because if Dr. Yashruti's overhead lifting limitation had been included in the RFC, it is "possible" that the sorter of agricultural produce occupation would have been eliminated. However, nothing in the DOT description for the essential job duties of this occupation logically or reasonably contemplates that an individual performing that occupation would have to lift items of any weight over shoulder height.

Accordingly, the Court determines that the ALJ's error, if any, in failing to include Dr. Yashruti's overhead lifting limitation, was harmless.

**B.     PLAINTIFF'S RFC OVERHEAD REACHING LIMITATION**

The ALJ determined that Plaintiff was limited to occasional reaching overhead to the left and right. (AR 26.) Plaintiff contends that, given this limitation, the ALJ failed to follow the requirements set forth in SSR 00-4p to

determine whether the VE's testimony is consistent with the information contained in the DOT relating to the occupation for sorting agricultural produce. (Pl.'s Br. 8.) She argues that although the ALJ initially cautioned the VE that he should explain any inconsistencies between his testimony and the information contained in the DOT, the ALJ "blatantly failed to discharge his 'affirmative responsibility' to obtain these clarifications during the course of the hearing." (Pl.'s Br. 8 (citing AR 52-55).) She further argues that there are "apparent unresolved conflicts between the VE's testimony and the DOT," particularly because the hypothetical question posed to the VE "included restrictions on overhead reaching, which is not covered by the DOT" description of the occupation, and the VE did not explain the basis for his testimony regarding the RFC limitation to occasional overhead reaching to the left and right as it pertains to the sorter of agricultural produce occupation. (Pl.'s Br. 8.)

In determining whether appropriate jobs exist for a claimant, or whether the claimant can perform her past relevant work, the VE generally will refer to the DOT. *See Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997). SSR 00-4p explicitly requires the ALJ determine whether the VE's testimony deviates from the DOT, and whether there is a reasonable explanation for any deviation. *See* SSR 00-4p (stating that an ALJ must inquire whether a VE's testimony regarding "the requirements of a job or occupation" conflicts with the DOT). The procedural requirements of SSR 00-4p ensure the record is clear as to why an ALJ relied on a VE's testimony, particularly in cases where the expert's testimony conflicts with the DOT.

An "ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). An ALJ's failure to resolve an apparent conflict cannot be deemed harmless if the VE's testimony left "unresolved potential inconsistenc[ies] in the evidence."

*Massachi v. Astrue*, 486 F.3d 1149, 1153, 1154 n.19 (9th Cir. 2007).

That is not the case here. For the same reasons discussed with respect to Plaintiff's first issue, the Court finds that even if the ALJ erred in failing to confirm whether the VE's testimony was consistent with the DOT with respect to Plaintiff's RFC limitation to occasional overhead reaching to the left and the right, the error was harmless. As discussed above, a common sense understanding of the essential, integral, or expected tasks required to be performed by a sorter of agricultural produce, based on the description of that occupation in the DOT, would lead to a conclusion that no overhead reaching would be required, much less more than occasional reaching overhead to the left or right. Neither did Plaintiff identify any such overhead reaching tasks. Under these circumstances, the ALJ did not have any responsibility to question the VE further regarding the purported conflict between Plaintiff's limitation to only occasional overhead reaching to the right and left and the requirements for performing the occupation of sorter of agricultural produce because there was no apparent conflict. And, even if there was error, that error was harmless.

## V. CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: April 21, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE